UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIM C. CAMBRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6509** |
| **RANDY SMITH, ET AL.** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is a Motion to Continue Submission Date of Defendants' Motion for Reconsideration filed by Plaintiff Jim. C. Cambre.[1] Defendants oppose the Motion.[2] After a careful review of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Counsel for all parties attended a telephone status conference with the Court on September 5, 2025.[3] In the conference, the parties discussed whether the Plaintiff's state law claim for battery survived after the Fifth Circuit revised its Mandate in the case.[4] In the conference, counsel for the Defendants advised that they planned to file a Motion for Reconsideration of the Court's Order and Reasons[5] regarding the survival of the state law battery claim. In the minute entry for the conference, the Court set out deadlines for this Motion: "The motion for Reconsideration will have a submission date of October 14, 2025, with the motion

---

[1] R. Doc. 140.
[2] R. Doc. 144.
[3] R. Doc. 137.
[4] *Id.*
[5] R. Doc. 123.

filed by September 30, 2025, any response filed by October 6, 2025, and any reply filed by October 10, 2025."[6]

Defendants timely filed the Motion for Reconsideration on Tuesday, September 30, 2025.[7] When the Motion for Reconsideration was filed, the Clerk's Office provided a submission date of October 28, 2025. The Court subsequently advised the Clerk's Office that it had ordered a submission date of October 14, 2025, and the Clerk's Office then changed the submission date to October 14, 2025.[8]

Plaintiff filed the instant Motion on October 10, 2025, requesting that the Court continue the submission date of Defendants' Motion for Reconsideration.[9] Plaintiff argues that Defendants' Motion for Reconsideration was untimely pursuant to the Court's order contained in the minute entry which mistakenly reference Monday, September 30, 2025 when, in fact, September 30, 2025 was on a Tuesday. Plaintiff also contends that he did not receive notice from the Court when the submission date of the Motion for Reconsideration was corrected.[10] Defendants respond that Plaintiff failed to adhere to the Court's order regarding the submission date for the Motion for Reconsideration and that Defendants' Motion was filed in accordance with the agreed-upon deadlines in the telephone status conference.[11]

---

[6] R. Doc. 137 at p. 2.
[7] R. Doc. 138.
[8] *Id.*
[9] R. Doc. 140. Plaintiff also filed a Motion to Expedite the Motion to Continue Submission Date, which the Court granted (R. Doc. 143).
[10] R. Docs. 140, 140-1.
[11] R. Doc. 144.

In the intervening time period, on October 20, 2025, Plaintiff has filed his Response in Opposition to Defendants' Motion for Reconsideration.[12] And Defendant has filed a Reply.[13]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 6 governs the extension of deadlines imposed by a Court's Local Rules.[14] Under Rule 6(b), a court may, for good cause, extend a deadline before or after the expiration of the deadline.[15] District courts have broad discretion in granting an extension under Rule 6, but an extension of time under Rule 6(b)(1)(B) will only be granted "where the party's failure to act in a timely fashion was the result of 'excusable neglect.'"[16] An evaluation of excusable neglect must take "into account all relevant circumstances surrounding the party's omission," including length of delay, the potential impact of said delay on proceedings, the reason for delay, and whether the movant has acted in good faith.[17]

Here, the Court finds that the Plaintiff's failure to act in a timely fashion was the result of excusable neglect. The Order in the Minute Entry from the Telephone Status Conference does ascribe the incorrect day of the week to the calendar date, which may have caused counsel for the Plaintiff some confusion. Plaintiff further claims that he had no notice of the clerk's correction to agreed-to submission date.

---

[12] R. Doc. 146.
[13] R. Doc. 147.
[14] FED. R. CIV. P. 6(a)-(b).
[15] FED. R. CIV. P. 6(b)(1).
[16] FED. R. CIV. P. 6(b)(1)(B); § 1165 Extending Time—In General, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.).
[17] *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 881 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74, 89 (1993)).

While counsel for the Plaintiff should have had notice from the telephone status conference which he attended that the submission date was October 14, 2025, the Court finds the confusion excusable. Further, the Court has confirmed with the Clerk's Office that notice of the change of submission date was not automatically provided to counsel. Additionally, the length of the delay is not very long, considering Plaintiff has filed his Response to the Motion for Reconsideration in the intervening period and Defendants have filed a Reply.[18] Furthermore, the motion to continue submission date concerns a Motion for Reconsideration that, if granted, would result in the dismissal of the sole remaining claim in Plaintiff's Complaint against Defendants. Because the Motion for Reconsideration is such a consequential motion and because of Plaintiff's confusion regarding the submission date and intervening deadlines, the Court finds that the relevant circumstances surrounding the failure to file a Response point to excusable neglect.

### III. CONCLUSION

For the foregoing reasons and finding good cause,

**IT IS HEREBY ORDERED** that the Motion[19] is **GRANTED** and Plaintiff's Response Memorandum in Opposition[20] and Defendant's Reply Memorandum[21] are deemed timely filed.

---

[18] R. Doc. 146 and 147, respectively.
[19] R. Doc. 140.
[20] R. Doc. 146.
[21] R. Doc. 147.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration[22] is now submitted.

New Orleans, Louisiana, October 27, 2025.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[22] R. Doc. 138.