## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JIM C. CAMBRE**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 18-6509**

**RANDY SMITH, ET AL.**                              **SECTION: D(3)**

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration[1] filed by Defendants Roger Gottardi and Jason Wilson, who seek reconsideration of this Court's August 6, 2025 Order and Reasons in which the Court found that the Plaintiff's state law battery claim survived the Fifth Circuit's granting of summary judgment to Defendants.[2] Plaintiff has field a Response in Opposition,[3] and Defendants have filed a Reply.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion to Reconsider, **VACATES** its August 6, 2025 Order and Reasons, and **DISMISSES** the case.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[5]

This case concerns claims brought by Plaintiff Jim C. Cambre under 28 U.S.C. § 1983 for excessive force under the Fourth Amendment and a claim under Louisiana state law for battery.[6] On July 26, 2019, Defendants filed a Motion for Summary

---

[1] R. Doc. 138.
[2] R. Doc. 123.
[3] R. Doc. 146.
[4] R. Doc. 147.
[5] The factual and procedural background is discussed at length in the August 6, 2025 Order and Reasons (R. Doc. 123). In the interest of judicial economy, the Court incorporates that statement of factual and procedural background here by reference.
[6] R. Doc. 1 at ¶¶ 33, 45.  Plaintiff's First Amended Complaint originally alleged state law claims for battery and excessive force.  R. Doc. 9 at ¶¶ 56-60.  During the July 29, 2025 status conference,

Judgment arguing that the Defendants were entitled to Qualified Immunity on Plaintiff's 1983 Claims of Excessive Force as well as Plaintiff's state law claims of battery and use of excessive force.[7] The Court denied Defendants' Motion for Summary Judgment based on qualified immunity, finding that Defendants' actions violated Plaintiff's constitutional rights and that that right was clearly established at the time of the challenged conduct.[8] The Court's Order and Reasons specifically addressed Plaintiff's §1983 excessive force claim as well as Plaintiff's state law claims.[9] Because of the similarity of the state law tort claim and the federal constitutional claim, the Court reasoned that the actions constituted a battery under Louisiana law.[10] Defendants timely appealed the Order and Reasons denying their Motion for Summary Judgment.[11]

The Fifth Circuit reversed this Court's decision[12] explaining, "All we are saying is that existing precedent did not place the conclusion that Gottardi and Wilson acted unreasonably in these circumstances beyond debate."[13] Importantly, the Fifth Circuit ordered the cause "remanded to the District court for further proceedings in accordance with the Opinion of this Court."[14] Since it was not clear in that Opinion

---

however, counsel for Plaintiff confirmed that Plaintiff's sole state law claim is one for battery. *See* R. Doc. 120.

[7] R. Doc. 71.

[8] R. Doc. 95.

[9] *Id.* at pp. 6-10, addressing Plaintiff's § 1983 excessive force claim, and pp. 10-11 addressing Plaintiff's state law claims.

[10] *Id.* at 10-11.

[11] R. Doc. 96.

[12] While the appeal was timely noticed in August 2019, the Opinion of the Court of Appeals was issued on May 6, 2025.

[13] R. Doc. 113-1 at p. 21.

[14] R. Doc. 113.

whether the Fifth Circuit addressed Plaintiff's claim for battery under Louisiana law, and following a status conference with the parties, the Court ordered supplemental briefing as to whether Plaintiff's state law claims survived the ruling of the Fifth Circuit.[15] After receiving and considering the supplemental briefing, this Court issued an Order and Reasons holding that the Fifth Circuit did not address the prong of the qualified immunity analysis that mirrored the Louisiana state law battery claim and thus that the state law battery claim still remained pending.[16]

Subsequently, on August 18, 2025, Defendants filed a Motion for Recall of Mandate and Clarification and Request for Stay and Expedited Consideration in the Fifth Circuit.[17] Just four days later, on August 22, 2025, the Fifth Circuit issued a corrected Judgment, which stated "IT IS ORDERED and ADJUDGED that we REVERSE the district court's denial of qualified immunity and RENDER summary judgment in Gottardi and Wilson's favor."[18] The Fifth Circuit subsequently issued an order mooting the Defendant's Motion for Recall of Mandate and Clarification.[19]

In response to the corrected Judgment from the Fifth Circuit, a status conference was held on September 5, 2025, in which the parties discussed the status of the case with the Court. Defendants indicated that they would be filing a Motion to Reconsider this Court's August 6, 2025 Order and Reasons in light of the corrected Judgment from the Fifth Circuit.

---

[15] R. Doc. 115.
[16] R. Doc. 123.
[17] R. Doc. 130-3.
[18] R. Doc. 130-5.
[19] R. Doc. 130-6.

In the instant Motion, Defendants do just that. Defendants argue that this Court should reconsider that Order and Reasons because it committed "manifest error" by failing to dismiss the Plaintiff's battery claim under Louisiana law.[20] Additionally, they contend that this Court did not even possess jurisdiction over the matter such that it could issue the August 6, 2025 Order and Reasons.[21] Lastly, they aver that the recent corrected Judgement from the Fifth Circuit issue in response to its Motion for Clarification demonstrates that the battery claim did not survive on appeal to that Court.[22]

Plaintiff responds that this Court retains jurisdiction over the case because the battery claim under Louisiana law was never presented as an issue on appeal and was thus waived.[23] Furthermore, Plaintiff argues that the mandate never encompassed the battery claim because the claim was never presented to the Fifth Circuit for adjudication.[24] Additionally, Plaintiff contends that the Fifth Circuit did no more than make the judgment consistent with its opinion and did not, in any way, change its holding from its original opinion.[25]

In its Reply, Defendants argue that the Plaintiff's reply should be not considered because it was untimely.[26] Moreover, Defendants urge that the Fifth Circuit's action of correcting the Judgment was done in response to their motion and

---

[20] R. Doc. 138-1 at p. 6.
[21] *Id*. at p. 8.
[22] *Id* at p. 10
[23] R. Doc. 146 at p. 2.
[24] *Id*. at p. 4.
[25] *Id*. at pp. 5-6.
[26] The Court has since granted the Plaintiff's Motion to Continue Submission Date of Defendants' Motion for Reconsideration and has deemed both Plaintiff's Response and Defendants' Reply as timely filed (R. Doc. 149).

demonstrates that it is the court's opinion that the state law battery claim did not survive on appeal.[27] Defendants reiterate that they do not believe that this Court has jurisdiction over this case anymore as a result of the Fifth Circuit's judgment.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[28]

Motions for reconsideration "should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before."[29] District courts may examine a number of factors to determine whether to grant such motions, including: "(1) whether the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) whether reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in controlling law."[30]

## III.    ANALYSIS

After the Court issued its August 6, 2025 Order and Reasons regarding whether Plaintiff's state law battery claim remained pending, Defendants filed their

---

[27] R. Doc. 147 at p. 3.
[28] FED. R. CIV. P. 54(b).
[29] *Metairie Bank & Tr. Co. v. Payne*, No. CIV A 99-202, 2000 WL 979980, at *1 (E.D. La. July 17, 2000) (Fallon, J.).
[30] *Campbell v. St. Tammany Par. Sch. Bd.*, No. CIV. A. 98-2605, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999) (Sear, J.).

Motion for Recall of Mandate and Clarification, Request for Stay and Expedited Consideration at the Fifth Circuit.[31] In that Motion, Defendants requested that the Fifth Circuit recall its mandate to clarify its judgment in the case that was entered on May 6, 2025.[32] In apparent response to the Defendants' Motion, the Fifth Circuit, on August 25, 2025, issued a corrected judgment that reversed this Court's denial of qualified immunity and rendered summary judgment in Defendants' favor.[33]

It is the duty of this Court to follow the mandate rule, which "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."[34] This Court must "implement both the letter and the spirit of the appellate court's mandate."[35] Once an appellate court has issued its mandate, "a lower court is not free to alter [that] mandate."[36] Furthermore, a district court cannot act "until the case is remanded to it by the appellate court."[37]

Defendant appealed this Court's Order and Reasons[38] on Defendants' Motion for Summary Judgment.[39] The Order and Reasons considered both Plaintiff's § 1983 excessive force claim as well as Plaintiff's claim for battery under Louisiana law and

---

[31] R. Doc. 130-1.
[32] R. Doc. 130-3 at p. 3.
[33] R. Doc. 130-6; R. Doc. 113-3.
[34] *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citing *United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993)).
[35] *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citing *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir.2002)).
[36] *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996).
[37] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 n. 3 (5th Cir. 1994).
[38] R. Doc. 95.
[39] R. Doc. 71.

6

denied summary judgment to the Defendants on that claim.[40] While the Fifth Circuit's opinion did not explicitly address the state law claim for battery, the state law battery claim was contained in the Order being appealed to the Fifth Circuit. Thus, the Fifth Circuit's reversal of this Court's Order reversed the entirety of that Order. While there was initial confusion when the Fifth Circuit's original Opinion "remanded" the matter; that confusion has been clarified. The Fifth Circuit has now issued a corrected Judgment "rendering" summary judgment in defendants' favor.[41] The Fifth Circuit's response to the Defendants' Motion, correcting the language of its Judgment, gives further context as to how this Court should interpret "the letter and the spirit" of the appellate court's mandate in the present case. As such, this Court is bound to recognize that foreclosure of any relitigation of issues expressly or impliedly decided by the Fifth Circuit. This Court is bound by the Judgment issued by that court.

The corrected judgment no longer "remands" anything to this Court. The judgment now reflects that this Court's ruling on summary judgment has been reversed and that the Fifth Circuit rendered summary judgment in favor of the Defendants. This Court's entire Order and Reasons[42] on the Motion for Summary Judgment has been reversed. The Fifth Circuit's action on Defendants' motion impliedly demonstrates that claim for battery under Louisiana law did not survive appellate review. This Court views that action by the Fifth Circuit as new information

---

[40] R. Doc. 95 at pp. 10-11.
[41] R. Doc. 113-3.
[42] R. Doc. 95.

that demonstrates the appellate court's intent when rendering its decision, information which this Court cannot ignore.[43] Based on that new information, and for the reasons stated herein, the Court finds it appropriate to grant the Motion for Reconsideration and vacate its prior August 6, 2025 Order and Reasons, which held that the state law battery claim survived appellate review. In conformity with the mandate rule, this Court must dismiss the action.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration[44] is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's August 6, 2025 Order and Reasons[45] is **VACATED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED with prejudice**.

New Orleans, Louisiana, November 6, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[43] The Court rejects Defendants' assertion that it committed "manifest error" in its August 6, 2025 Order and Reasons (R. Doc. 138-1 at p. 6). While manifest error is grounds for Reconsideration, that is not the grounds for the present Order.
[44] R. Doc. 138.
[45] R. Doc. 123.